FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 17 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
DWAYNE WHYTE,

        Plaintiff,

  -against-

COMMONWEALTH FINANCIAL SYSTEMS,


        Defendant.
---------------------------------------------------------x

**ORDER ADOPTING REPORT AND RECOMMENDATION**

14-CV-7030 (SLT)(MDG)

**TOWNES, United States District Judge:**

Plaintiff Dwayne Whyte ("Plaintiff") filed this Fair Debt Collection Practices Act ("FDCPA") case on December 3, 2014. After failing to comply with several Court orders, Magistrate Judge Go has recommended, *sua sponte*, that this action be dismissed with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff has filed a letter opposing dismissal. For the reasons set forth below, Plaintiff's objections are overruled and Magistrate Judge Go's Report and Recommendation dated September 24, 2015 (the "R&R") is adopted in its entirety.

**I. Background**

Plaintiff filed a Complaint alleging defendant Commonwealth Financial Systems ("Defendant") violated the FDCPA by sending Plaintiff a collection notice in violation of 15 U.S.C. §1692(g) and 15 U.S.C. § 1692(f). (Complaint, Doc. 1, ¶¶ 13-17.) On January 29, 2014, Plaintiff filed an affidavit of service indicating that a summons was served on "Alicia Kuzhner, who is designated by law to accept service of process on behalf of [] Commonwealth Financial Systems." (Doc. 5.) Defendant's time to answer expired and Defendant failed to answer or otherwise appear. By electronic order entered February 3, 2015, Judge Go ordered

Plaintiff to move for entry of default or to file a status report by February 24, 2015.

On February 22, 2015, Plaintiff did request a Certificate of Default. (Doc. 6.) On February 2, 2015, the Court's Judgment Clerk called Plaintiff's counsel to clarify the relationship between the person served (Alicia Kuzhner) and Defendant. Plaintiff's counsel was to investigate and report back with more information. (*See* staff notes entered on Feb. 25, 2015.) Plaintiff's counsel never followed up with the Judgment Clerk. On April 27, 2015, Judge Go's law clerk called Plaintiff's counsel, who represented he was still attempting to obtain the requested information. (R&R, Doc. 7, at 2.) By Order dated May 7, 2015, Judge Go set a May 28, 2015 deadline for Plaintiff to supplement his request for a Certificate of Default. (*See* Scheduling Order, entered May 7, 2015.) Plaintiff failed to supplement his request for a Certificate of default or otherwise respond to the May 7, 2015 Order. On June 1, 2015, Judge Go issued a second Order directing Plaintiff to supplement his request for a Certificate of Default by June 30, 2015. The Order warned Plaintiff that failure to supplement his request may result in a recommendation for dismissal under Fed. R. Civ. P. 4(m). (*See* Scheduling Order, entered June 1, 2015.) On July 1, 2015, Judge Go's law clerk contacted Plaintiff's counsel for a second time to warn that the Court would recommend dismissal if Plaintiff did not supplement his request for a Certificate of Default with the requested information. Plaintiff failed to make the ordered supplementation, nor has he filed any explanation for his failure or request to extend the deadlines set by Judge Go's scheduling orders.

On September 24, 2015, Judge Go issued the R&R recommending the Court dismiss the case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. Plaintiff generally opposes dismissal on the grounds that "Plaintiff would be greatly prejudiced by the dismissal of this

2

action, in that it is now time barred." (Objection to R&R, Doc. 8, at 1.) Plaintiff also contends that Defendant has intentionally avoided Plaintiff's counsel's attempts to obtain the information required for the Clerk to enter a Certificate of Default, and has a practice of ignoring service of litigation papers. (*Id.*) Thus, "the delay herein is not entirely Plaintiff's fault." (*Id.*) Plaintiff requests that the Court grant permission for Plaintiff to make "another attempt to serve the Defendant . . ., with instructions to the process server that the relationship of the person served to the corporate defendant be provided in the affidavit of service." (*Id.*)

## II. Standard of Review

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed.R.Civ.P. 72(b)(3). After completing this review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed.R.Civ.P. 72(b)(3). "In order to merit de novo review, a party's objections must be specific rather than conclusory or general." *Danaher Corp. v. Travelers Indem. Co.*, No. 10-CV-121 (JPO), 2015 WL 1647435, at *1 (S.D.N.Y. Apr. 14, 2015) (quoting *DeJesus v. Comm'r of Soc. Sec.*, No. 13 Civ. 2251 (AJN) (HBP), 2014 WL 5040874, at *1 (S.D.N.Y. Sept. 29, 2014)). "When a party makes only conclusory or general objections ... the Court will review the Report strictly for clear error.... Objections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *Molefe v. KLM Royal Dutch Airlines*, 602 F.Supp.2d 485, 487 (S.D.N.Y.2009) (citations omitted); *see also Vega v. Artuz*, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) ("[O]bjections that are merely perfunctory responses argued in an attempt to

engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke de novo review of the magistrate's recommendations.").

**III. Discussion**

Plaintiff's "objections" to the R&R are neither specific, nor clearly aimed at particular findings. Indeed, rather than objecting to any factual or legal findings of the R&R, Plaintiff merely attempts to offer explanations and excuses for not complying with Court's orders. The Court therefore reviews Plaintiff's objections for clear error, and finds none.

Plaintiff argues that dismissal would be prejudicial, and that the fault of the seven-month delay lies "not entirely" with Plaintiff, because Defendant intentionally avoids service of process as a strategy to defeat litigation. Plaintiff provides no factual basis for his claim that Defendant has a "practice to ignore the service upon it of litigation papers," which is entirely conclusory. (Objection to R&R, Doc. 8, at 1.) Moreover, if Defendant did have such a practice, Plaintiff could and should have so informed the Court in response to its two scheduling orders and two phone calls requesting that Plaintiff take action to follow up on his request for a Certificate of Default. Instead, Plaintiff took no action for approximately seven months—not even to request an extension of time or to explain his failure to respond—despite repeated warnings that failure to comply with the Court's orders could result in a recommendation of dismissal.

Defendant requests that the Court grant permission for "another attempt to serve the Defendant . . ., with instructions to the process server that the relationship of the person served to the corporate defendant be provided in the affidavit of service." (*Id.*) It is bold for Plaintiff to now ask the Court for permission to seek the exact information the Court repeatedly asked Plaintiff to provide in the unanswered orders. It was Plaintiff's responsibility to secure this

4

information in response to the requests of the Judgment Clerk and the orders of Judge Go. When it became clear to Plaintiff he could not obtain the information, the appropriate response would have been to write to the Court and explain the situation, rather than to simply ignore Court orders and wait until dismissal was recommended before taking any action. "It is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Hibbert v. Apfel*, No. 99-CV-4246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000) (dismissing for lack of prosecution pursuant to Rule 41(b) when plaintiff took no action and failed to respond to court orders for six months.)

## CONCLUSION

For the reasons explained above, Magistrate Judge Go's Report and Recommendation dated September 24, 2015 recommending dismissal with prejudice pursuant to Fed. R. Civ. P. 41(b) is adopted in its entirety. The Clerk of the Court is respectfully requested to enter judgment accordingly and close this case.

**SO ORDERED.**

/s/ Sandra L. Townes
SANDRA L. TOWNES
United States District Judge

Dated: November 16, 2015
Brooklyn, New York